JUSTICES OF THE INFERIOR COURT OF TWIGGS COUNTY, plaintiffs in error, *vs.* E. S. GRIFFIN *et al.*, defendants in error.

NOTE.—WARNER, C. J., did not preside in this case.

Under the Act of December 10, 1866, "to provide for the citizens of Twiggs County, to settle the question of the removal of the countysite," (pamph. Acts, p. 44,) the Superior Court, by *mandamus*, required the Inferior Court of that county to turn over to the building committee appointed by the citizens of Jeffersonville and vicinity the Court-house and Jail, upon said committee giving security for their complying faithfully with the terms of said Act. Held that the Superior Court did right.

*Mandamus.* Decided by Judge COLE, Twiggs Superior Court, March Term, 1867.

The General Assembly, in December, 1866, enacted that the question of removing the Court House and jail of said county should be submitted to the voters of the county. It

was enacted that if a majority favored removal to Jeffersonville, the county-site should be Jeffersonville : *Provided*, the citizens of Jeffersonville and those adjacent thereto shall build a Court-house and Jail without taxing the citizens of said county therefor, and that the Justices of the Inferior Court are (in that event) authorized to turn over to the committee which may be appointed to build the Court-House and Jail, the old Court-house in the town of Marion, and "said buildings are to be under the supervision of said Justices."

The election was held and a majority vote had for removal. The citizens of Jeffersonville met, took up subscription for building said houses, and appointed defendants in error a building committee.

The building committee called on the said Justices, tendered a bond in the penal sum of $100.000.00 for indemnity to the citizens of said county if they failed to remove and rebuild the Court-house and Jail without taxing the citizens therefor, and asked that the old buildings be turned over to them. Two of the Justices were willing to comply with this request, but a majority of them refused, and passed the following order : " It is ordered by a majority of the Court that the building committee let out to the lowest bidder the removal and rebuilding of the Court-house and Jail from Marion, its present locality, to Jeffersonville, and when the lowest amount for said removal and rebuilding is ascertained, then that amount to be deposited with the County Treasurer of said county, and he give his receipt therefor. After which, said Court-house and Jail will be turned over to the building committee upon their giving bond for the faithful performance in rebuilding said Court-house and Jail upon the present plan and dimensions, furnishing and replacing all timbers that may be decayed, or destroyed by said removal, also to replace in good order all the furniture of said Court-house and Jail, the buildings to have two coats of paint inside and out of said buildings, the chimneys and underpinning to be plastered, painted, and penciled in workmanlike manner."

The petition for *mandamus* set forth said facts, averred

that the action of said Justices was unlawful and an abuse of their authority, and injurious to the building committee and other citizens, who in good faith were trying to comply with said Act of the Legislature.

Rule *nisi* was issued, calling on said three Justices to show cause why they should not turn over said buildings. For cause they averred that the building committee was self-constituted, and was not legally authorized to make said demand, that the Act did not require them to turn over the buildings to a committee, but left the matter of removal to the supervision of said respondents, that petitioners did not tender any bond, but only offered to make one, not naming their security, that they are acting in good faith as officers under the Act, and are not injuring the citizens of said county, but protecting them in this regard.

At the trial, a subscription list amounting to $2,540.00, an obligation signed by eighteen citizens acting as a building committee, binding themselves to give the bond aforesaid, and to build the Court-house and Jail at Jeffersonville, and the proceedings of the meeting appointing said committee and allowing them so to act, were read.

The Court ordered that said order of the three Justices of the Inferior Court be set aside and annulled, that the Inferior Court of said county turn over to the building committee said buildings upon said committee executing and delivering to said Court a bond, with sufficient security, in the sum of ten thousand dollars, conditioned for the rebuilding of said Court-house and Jail at Jeffersonville in a good and substantial manner, and upon the present plan, and to be as well put up and finished as the present buildings, and upon the further condition that the buildings are to be removed and put up without expense to the county, and that the removal and rebuilding be under the supervision of said Inferior Court, to aid and assist the building committee in building the Court-house and Jail at Jeffersonville, and to see that they are faithfully and in good and substantial manner put up on a lot to be supplied by the citizens of Jeffersonville, that the Justices may do this in person or by a committee

appointed by them for that purpose, but in either event their object should be to facilitate, and not to retard or defeat the removal.

To this order of the Court plaintiffs in error excepted, and assign the same as error.

LYON, DEGRAFFENREID, and SHORTER, for plaintiffs in error.

CROCKER and SON, represented by CHARLES HARRIS, for defendants in error:

WALKER, J.

We see no error in this record. The Act contemplates a "committee" "appointed to build the Court-house and Jail," but does not provide for the appointment of that committee. It requires the citizens of Jeffersonville and those adjacent thereto to put up the public buildings. It would seem to be proper that those who are bound to erect the buildings at the new county-site should appoint the building committee from among themselves, as such persons would be the more likely to carry out the objects of the Act.

It was the duty of the Inferior Court to co-operate with the citizens of Jeffersonville and vicinity in carrying out this public law of the State. They should not have thrown obstacles in the way of its execution. It was their duty to see that the interests of the county were protected by ample security; and this was proposed to be given by the building committee as a condition precedent to the turning over of the possession of the Court-house and Jail. The passage of the order by the Inferior Court requiring a deposit of money, &c., was an effort, we think, to defeat the object of the Act; and the Superior Court did right to vacate that order, and require a compliance with the statute. The Judge was careful to provide for the giving of good and ample security by the building committee to carry out in good faith the provisions of the statute; and that the removal and rebuilding be and remain under the supervision of said Inferior Court.

26

The Judge seems to have been very careful to guard the interests of the tax payers in every respect, and to continue the buildings subject to the control of the Inferior Court, as by law contemplated, most clearly. We suspect the real cause of complaint is against the Act itself, rather than against the decision of the Court in executing the Act.

Judgment affirmed.